UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOUSTAFA ELBARADIE,

    Plaintiff,

-vs.-

CAREY & JASKOWSKI, P.L.L.C.,
a Michigan professional limited liability company,
and
WILLIAM L. CAREY,
jointly and severally,

    Defendants.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, MOUSTAFA ELBARADIE, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY A. HANSZ**, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. This is an action for damages, brought against debt collectors for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq.

("FDCPA") and the Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in the City of West Bloomfield, Oakland County, Michigan.

5. The Defendants to this lawsuit is:

   a. Carey & Jaskowski, P.L.L.C., ("C & J") is a Michigan professional limited liability company that conducts business in the State of Michigan. And

   b. William L. Carey, ("Carey") a natural person who is an employee and owner of Carey & Jaskowski, PLLC  He conducts business in the State of Michigan.

## GENERAL ALLEGATIONS

6. Plaintiff owned 50% an entity called 42G Aviation, LLC airplane that he used strictly for personal, family and household use.

7. At some point, he obtained insurance on his airplane through an insurance carrier, U.S. Specialty Insurance. The agent who sold him this insurance policy was Gaylor Insurance Agency ("Gaylor").

8. After the initial policy expired, Plaintiff agreed to renew the policy but did not pay for it.

9. Gaylor, who was merely the agent for U.S. Specialty Insurance, hired the Defendants to collect this consumer type debt from the Plaintiff.

10. On or about December 20, 2020, Plaintiff received a Demand Letter from the defendant who were attempting to collect the consumer debt on behalf of Gaylor and not U.S. Specialty Insurance.

11. In their demand letter, defendants failed to advise Plaintiff of the following:

   a. the name of the creditor to whom the debt was owed; Gaylor is not the creditor;

   b. A statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   c. A statement that if the consumer notifies the defendants within 30 days that he disputes the debt or any portion of it, that the defendants will obtain verification or a copy of the judgment and mail it to the consumer;

    d. A statement that upon the consumer's request within the 30 day period, that the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

12. On December 28, 2020, Plaintiff's counsel sent William Carey at C & J a request for information regarding the alleged Debt and Plaintiff's personal liability for the alleged Debt.

13. On January 5, 2021, Plaintiff's counsel received an email from William Carey at C & J threatening to file suit if Plaintiff does not pay the debt, immediately, thus overshadowing, if not completely breaching the Plaintiff's right to dispute the debt within 30 days of his receipt of Defendant's first communication.  This email did not state that it was a communication from a debt collector.

14. Plaintiff suffered pecuniary and emotional damages as a result of C & J's actions.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates the preceding allegations by reference.

16. At all relevant times, Defendants, in the ordinary course of their business, regularly engaged in the practice of collecting consumer type debts on behalf of other individuals or entities.

17. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

18. Each Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

19. Each Defendant's acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e by using deceptive practices to attempt to collect the alleged Debt by:

      i. Attempting to collect the debt from the Plaintiff who was never the debtor who owed money on any insurance policy to Gaylor or U.S. Aviation;

      ii. Attempting to collect a debt on behalf of a creditor to which no debt was ever owed;

   b. 15 U.S.C. §1692f by using unfair or unconscionable means to collect a debt by:

      i. Attempting to collect a debt that was not owed by the Plaintiff, but rather by another party, namely 42G Aviation, LLC;

      ii. Attempting to collect a debt that was not owed to Gaylor Insurance

      iii. threatening to sue the Plaintiff even though he was never the debtor;

  c. 15 U.S.C. §1692g by

      i. failing and/or refusing to advise a consumer with his statutory rights to dispute the debt or any part of it and to demand verification of the debt;

      ii. overshadowing the Plaintiff's right to demand validation of the debt within a 30 day period from the date he received the Defendants' demand letter by demanding immediate payment.

20. As a direct and proximate cause of the Defendants' individual and collective failure to honor their statutory obligations under the FDCPA, the Plaintiff has continued to suffer from irritation, stress and emotional damage.

21. Plaintiff has suffered, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him statutory, and actual damages plus costs, interest and attorneys' fees as provided by

the Fair Debt Collection Practices Act against the Defendants, jointly and severally.

## COUNT II - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

22. Plaintiff incorporates the preceding allegations by reference.

23. Each Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

24. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

25. Each Defendants' actions in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252(e) by making inaccurate, untrue or deceptive statements in communicating with the Plaintiff when it attempted to collect money from him that he did not owe and on behalf of a creditor to which it was not owed.

   b. MCL §445.252(f) by misrepresenting the legal rights of the debtor;

   c. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

26. Plaintiff has suffered damages as a result of these violations of the MCPA.

27. These violations of the MCPA were willful. Defendants are lawyers and either knew or should have known their statutory obligations under the law.

28. Defendants' knowledge that this was a consumer debt was made obvious when in reply to Plaintiff's counsel's request for more information, stated "Your client is obtained the policy and entered into the contract of insurance with my client. The fact that the LLC is the named insured is not relevant to my client's claim."

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him:

a. damages

b. costs,

c. interest and

d. attorneys' fees as provided by the Michigan Collection Practices Act against the Defendants.

e. Treble damages for the Defendant's willful violation of this statute.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

March 12, 2021	/s/ Carl Schwartz
CARL SCHWARTZ (P70335)
GARY A. HANSZ (P44956)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – Carl@crlam.com