UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOUSTAFA ELBARADIE,      Case No. 21-10561

    Plaintiff,      Paul D. Borman
v.      United States District Judge

CAREY & JASKOWSKI, P.L.L.C. and      Curtis Ivy, Jr.
WILLIAM L. CAREY,      United States Magistrate Judge

    Defendant.
_____/

## ORDER GRANTING MOTION TO EXTEND SUMMONS (ECF No. 4)

This matter is before the Court on a complaint. (ECF No. 1). The complaint was filed on March 12, 2021. On June 10, 2021, Plaintiff filed a motion to extend the summons 60 days. (ECF No. 4). The motion was referred to the undersigned for a determination. (ECF No. 5). In support of his motion, Plaintiff states he hired a process server who attempted personal service on each defendant, but the process server's attempts were unsuccessful. The process server's affidavit attesting to the failed attempts is attached to the motion. (ECF No. 4-1). It appears the server attempted service only once on each defendant on a Saturday.

Federal Rule of Civil Procedure 4(m) requires that service of process be made within 90 days of filing the complaint: "If service of the summons and

1

complaint is not made upon a defendant within 90 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."   Where the plaintiff shows good cause for failure to effect timely service, the court must extend the time. *Vargas v. City of Novi*, 2015 WL 3620407, at *1-2 (E.D. Mich. June 9, 2015) (citing *In re Lopez*, 292 B.R. 570, 574 (E.D. Mich. 2003) ("In other words, even in the absence of good cause, the court may grant an extension of time for service, but if good cause is shown, the court *must* extend.") (emphasis in original).

Although there was only one attempt at service, and on a weekend no less, that attempt was unsuccessful.   Therefore, the Court finds Plaintiff has established good cause to extend the time for service.   Plaintiff will have **60 days** from the filing of this Order in which to effectuate service of the summons and complaint. The summons will be extended until **August 10, 2021**. The Court will not be inclined to grant another extension without a showing of good cause stronger than that made here.

    **IT IS SO ORDERED**.

    The parties to this action may object to and seek review of this Order, but

are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: June 11, 2021                      s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge